CENTRAL PASTO VIEJO, INC., demandante y apelada, *v.*
ARTURO APONTE, JR., demandado y apelante.

No. 3588.—*Visto:* Marzo 9, 1925. *Resuelto:* Marzo 11, 1925.

1. APELACIÓN—DESESTIMACIÓN, RETIRO Y ABANDONO—FUNDAMENTOS DE LA DESESTIMACIÓN.—Habiéndose consentido por uno de los abogados del apelado en

*prórrogas solicitadas. por el apelante para radicar el pliego de exposición del caso desde abril 11, 1924, fecha en que se recibió la transcripción de la evidencia, hasta enero 27, 1925, no procede la desestimación del recurso, aunque en enero 27 y febrero 11, la corte concedió otras prórrogas de cinco y quince días respectivamente, sin mediar consentimiento del apelado, habiéndose radicado el pliego en febrero 17.*

MOCIÓN sobre desestimación de apelación presentada por el demandante y apelado. *No ha lugar.*

*Arturo Aponte, Jr.,* abogado del apelante; *Henry G. Molina,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

En este pleito se establecieron dos apelaciones, una por la corporación demandante y la otra por el demandado. La de éste lo fué el 21 de enero de 1923. El demandante siguió para tramitar su apelación el procedimiento de que el taquígrafo hiciera la transcripción de la evidencia y el demandado el de preparar por sí el pliego de exposición del caso y de excepciones y pidió varias prórrogas que le fueron concedidas. El 11 de abril de 1924 el taquígrafo entregó la transcripción de la evidencia y desde entonces fueron concedidas otras prórrogas al demandado para la presentación del pliego de exposición del caso, prórrogas que fueron concedidas con la conformidad de uno de los abogados de la parte demandante, y solamente dos prórrogas, una de cinco días concedida el 27 de enero de 1925 y otra de quince días dada el 11 de febrero del mismo año, fueron concedidas sin el consentimiento del abogado del demandante. Durante la vigencia de la última prórroga fué presentada la exposición del caso por el demandado el día 17 de febrero de este año y señalado el 26 del mismo mes para su aprobación, cuyo acto fué suspendido a instancias del demandante y señalado nuevamente para el 13 del corriente mes. Con tales antecedentes el demandante nos pide que desestimemos la apelación del demandado alegando que no ha sido proseguida con la debida diligencia y de buena fe y que es frívola. La frivolidad se dice consistir en que la apelación del demandado

se funda en un conflicto en la evidencia que fué resuelto por la corte inferior a favor del demandante, entre otros motivos porque no existía un principio de prueba por escrito dada la cuantía del contrato alegado; y también que es frívola la apelación en cuanto a la reconvención del demandado, que es otro de los motivos de su apelación, porque resulta de la faz de la contestación a la contrademanda que debió ser declarada con lugar la excepción previa a ella opuesta, refiriéndose para esta alegación a lo que aparece del legajo de la otra apelación del demandante.

[1] Todas las prórrogas concedidas al demandado para presentar su exposición del caso desde que el taquígrafo entregó la transcripción de la evidencia hasta que la exposición del caso fué presentada, con excepción de la del 27 de enero de 1925 por cinco días y la del 11 de febrero por quince días, fueron concedidas con el consentimiento de uno de los abogados del demandante y por tanto no puede alegar ahora que fueron dilatorias, pues las dos últimas fueron tan pequeñas que no podemos decir que la corte inferior abusara de su discreción al concederlas. Por consiguiente, si bien es cierto que esta apelación ha tardado mucho tiempo en tramitarse, no podemos declarar, dada la conformidad del apelado para que se concedieran las prórrogas, que se ha probado satisfactoriamente que no ha sido proseguida con la diligencia debida ni de buena fe, y por tanto no es de aplicación la regla 59 de las de esta corte. Si el apelado deseaba que la apelación no se dilatara no debió consentir en que se concedieran tantas prórrogas al apelante.

En cuanto a la cuestión de frivolidad no encontramos suficientes los motivos alegados para declarar que por este motivo la apelación debe ser desestimada.

*La moción del apelado debe negarse.*