Rosendo Agresar, demandante y apelante, *v.* American Commercial Co. y United States Casualty Co., demandadas y apeladas.

No. 6751.—*Sometido:* Julio 2, 1934. *Resuelto:* Julio 11, 1934.

Salvador Suau y *F. Prieto Azúar,* abogados del apelante; *R. Castro Fernández,* abogado de las apeladas.

---

* Nota: Véase el prefacio.

El Juez Asociado Señor Córdova Dávila, emitió la opinión del tribunal.

En 25 de enero de 1932, la Corte de Distrito de San Juan dictó sentencia en este caso declarando sin lugar la demanda. En 8 de febrero se interpuso recurso de apelación. Tres días más tarde la corte inferior ordenó al taquígrafo que preparase la transcripción de evidencia a moción de la parte apelante, la cual ha dejado transcurrir dos años cuatro meses sin haber radicado la referida transcripción.

La parte apelada solicita la desestimación del recurso interpuesto basándose en que la transcripción de evidencia no es voluminosa y ha podido ser preparada por el taquígrafo en un término no mayor de noventa días, en que se han concedido veintiocho prórrogas de treinta días para preparar y radicar la transcripción de evidencia, y en que a pesar del tiempo transcurrido la parte apelante no ha radicado dicha transcripción, razón por la cual no ha proseguido su apelación con la debida diligencia.

La parte apelante alega que satisfizo los honorarios del taquígrafo para preparar la transcripción, por un precio convenido, y que tuvo que sostener una lucha tenaz y constante con dicho funcionario, quien con posterioridad a dicho convenio manifestó que era acreedor a mayores honorarios. En vista de la insistencia del taquígrafo y con el fin de no demorar, el demandante se avino a pagar una remuneración adicional al funcionario referido. Alega el apelante que ha estado durante mucho tiempo sin trabajo y carente de recursos, y que si los hubiese tenido en su oportunidad hubiera transigido, aun a costa de sus derechos, la referida pretensión del taquígrafo. Añade que ha radicado, en 23 de junio de 1934, dicha transcripción de evidencia en la corte inferior, no obstante los sacrificios y contratiempos apuntados, y que en este caso el apelante tiene una justa y meritoria causa de acción y probabilidades de éxito en su recurso de apelación.

Dos años cuatro meses es un período de tiempo considerable para perfeccionar una apelación y la parte ape-

lante debe aducir razones dignas de tenerse en cuenta para que una resolución de esta corte negando la desestimación del recurso pueda estar justificada. El apelante alega que el taquígrafo convino con él un precio por sus honorarios y que más tarde exigió una suma adicional. La actitud del taquígrafo no justifica la falta de diligencia del apelante. Si el taquígrafo después de haber recibido el importe total de sus honorarios faltó a lo convenido y se negó a transcribir la evidencia mientras no se le satisficiese una suma adicional, el apelante debió acudir a la corte, que tiene facultades para dirigir en bien de la justicia la conducta de sus funcionarios, y que pudo ordenar al taquígrafo que cumpliese con lo convenido.

También alega el apelante que la parte demandada consintió implícitamente a la solicitud de las referidas prórrogas, por no haberse opuesto a las mismas ni haber solicitado con anterioridad la desestimación del recurso. El silencio de la parte apelada no releva a la parte que apela de la obligación de perfeccionar su recurso con la debida diligencia. El apelante cita el caso de *Central Pasto Viejo* v. *Aponte, Jr.,* 34 D.P.R. 33, y copia del sumario el párrafo que sigue:

"Habiéndose consentido por uno de los abogados del apelado en prórrogas solicitadas por el apelante para radicar el pliego de exposición del caso desde abril 11 de 1924, fecha en que se recibió la transcripción de la evidencia, hasta enero 27 de 1925, no procede la desestimación del recurso, aunque en enero 27, y febrero 11, la corte concedió otras prórrogas de cinco y quince días respectivamente, sin mediar consentimiento del apelado, habiéndose radicado el pliego en febrero 17."

En el caso citado las prórrogas, con excepción de dos, fueron consentidas por la parte apelada; en el presente caso no hay prueba de que se haya consentido a ninguna de las prórrogas. Existe además una notable diferencia entre el período de tiempo transcurrido en uno y otro caso desde que se ordenó al taquígrafo la transcripción de evidencia. El

apelante no ha presentado ninguna excusa razonable para justificar su tardanza en perfeccionar esta apelación y no puede decirse que haya procedido con la debida diligencia.

*Debe desestimarse el recurso interpuesto.*